912 So.2d 1130 (2005)
Douglas G. COSENTINO, Appellant
v.
Phyllis L. COSENTINO, Appellee.
No. 2004-CA-00548-COA.
Court of Appeals of Mississippi.
October 18, 2005.
*1131 Joseph R. Meadows, Gulfport, attorneys for appellant.
Earl L. Denham, Ocean Springs, attorneys for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Dr. Douglas and Phyllis Cosentino were granted a divorce by the Jackson County Chancery Court based on irreconcilable differences. The parties agreed to matters regarding the equitable division of marital property and reserved the issue of alimony for determination by the chancellor. The chancellor awarded permanent periodic alimony to Mrs. Cosentino in the amount of $7,000 per month. Aggrieved by the chancellor's decision to award Mrs. Cosentino alimony, Dr. Cosentino appeals and raises the following issue as error, which we quote verbatim:
The [t]rial [c]ourt erred in awarding periodic alimony to Appellee in the amount of Seven Thousand Dollars ($7,000) per month, or in any sum whatsoever.
¶ 2. Finding error in the analysis of this award, we reverse and remand for a more specific analysis.

FACTS
¶ 3. Dr. Douglas and Phyllis Cosentino were married on July 2, 1970, in Jefferson Parish, Louisiana. They separated in October 2001, in Jackson County, Mississippi. The Consentinos have two children, both of whom were emancipated at the time of the divorce. On March 11, 2003, the Consentinos filed a joint petition for divorce based upon irreconcilable differences. The parties agreed to the division of marital property, but were unable to agree on alimony. They agreed to allow the chancellor to determine whether alimony should be awarded to Mrs. Cosentino.
¶ 4. At the time of the divorce, Mrs. Cosentino was fifty-five years of age. She had previously earned a bachelor's degree in biology, and worked as a medical technologist. With the birth of her children, Mrs. Consentino gave up her job to become a stay at home wife and mother. At the time of the hearing, she served as a volunteer at a local pharmacy, and a volunteer yoga instructor.
¶ 5. Dr. Consentino was fifty-four years of age at the time of divorce. He maintained a very successful radiology practice.
¶ 6. The parties' agreement as to the division of marital property provided Mrs. Cosentino with assets of $2,380,478 and Dr. Cosentino with assets of $2,378,917. By late spring 2003, Mrs. Consentino's assets had increased to $2,615,815, while Dr. Consentino's assets had increased to $2,560,390.
¶ 7. During trial on the issue of alimony, Mrs. Cosentino testified that her living expenses were $2,881.66 per month. She later amended her estimated expenses to $3,415.81 to cover increases in property taxes and insurance, and provisions for health insurance. Mrs. Consentino indicated that her health is good, but she does not intend to return to work.

DISCUSSION
¶ 8. This Court's review of domestic relation matters is limited. Carrow *1132 v. Carrow, 741 So.2d 200, (¶ 9) (Miss.1999). We will not reverse unless the chancellor abused his or her discretion, was manifestly in error, or an erroneous legal standard was applied. Id. Alimony awards are within the chancellor's discretion and will not be reversed by the Court on appeal absent manifest error or an abuse of discretion. Baker v. Baker, 861 So.2d 351(¶ 10) (Miss.Ct.App.2003).
¶ 9. In deciding the issue of alimony, the chancellor, relying on Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993), seems to have concluded that the current incomes of the parties, their earning capacities, and the standard of living to which they had become accustomed, were the primary factors to be considered in determining whether an award of alimony to Mrs. Consentino was appropriate. Equitable distribution and alimony are parts of the same issue. Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994) (citing LaRue v. LaRue, 172 W.Va. 158, 304 S.E.2d 312, 334 (1983) (Neely, J., concurring)). Together, they command the entire field of financial settlement of divorce. Id. If after the equitable distribution of the marital property, both parties have been adequately provided for, then an award of alimony is not appropriate. Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). Likewise, should the division of marital property leave one of the parties with a deficiency, then consideration of an award of alimony is appropriate. Id.
¶ 10. However, prior to engaging in an analysis under Armstrong to award alimony, the chancellor must first engage in a Ferguson analysis to determine the adequacy of the division of the marital property. Should the chancellor determine the division of marital property to be adequate, consistent with Ferguson, then there is no need to conduct an Armstrong analysis. In this case, it is clear that the chancellor did not give due consideration to the requirements of Ferguson.
¶ 11. Ferguson identifies eight factors for consideration in matters of equitable distribution. They are:
(1) Substantial contribution to the accumulation of the property, including these factors: direct or indirect economic contribution to the acquisition of the property, contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage, and contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets, (2) the degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise, (3) the market value and the emotional value of the assets subject to distribution, (4) the value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse, (5) tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution, (6) the extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties; (7) the needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and, (8) any other factor which in equity should be considered. Ferguson, 639 So.2d at 928.
¶ 12. While a chancellor is not required to address each of the Ferguson factors, *1133 he is obligated to address those factors which are relevant. Wells v. Wells, 800 So.2d 1239, 1244(¶ 8) (Miss.Ct.App.2001). In the present case, Ferguson factors six and seven are relevant, and therefore should have been addressed by the chancellor. While a full and appropriate analysis may well have indicated a need for alimony, no such full and appropriate analysis was conducted. Accordingly, we reverse the award of alimony and remand for an appropriate analysis of the Ferguson factors, and if justified, an analysis of the Armstrong factors by the chancellor.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. MYERS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.